UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:15-cr-141-FtM-38MRM

ROBERT FEDYNA
_____/

### **ORDER**[1]

Before the Court is the United States' Motion for Reduction in Sentence Pursuant to Federal Rule of Criminal Procedure 35(b). (Doc. 237). Defendant Robert Fedyna has not responded, and the time to do so has expired. For the below reasons, the Court grants the motion.

On November 7, 2016, the Court sentenced Fedyna to 135 months' imprisonment, a low-end Guidelines' range sentence, for wire fraud conspiracy and money laundering. (Doc. 111). The Court later reduced Fedyna's sentence three levels under Federal Rule of Criminal Procedure 35(b) because of his assistance in prosecuting his co-conspirator. (Doc. 212). The Amended Judgment, dated March 29, 2018, imposed a 97-month term of imprisonment. (Doc. 216). The Government moves again to reduce Fedyna's sentence two levels and recommends a sentence of 78 months because of his substantial assistance in prosecuting four defendants in another mail fraud conspiracy.[2] (Doc. 237).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The other case is styled as *United States v. Jacob Kingston, Isaiah Kingston, Lev Aslan Dermen, Rachel Kingston, and Sally Kingston*, No. 2:18-cr-000365-JNP (D. Utah) (hereinafter the "Kingston defendants").

Upon the Government's motion, a district court may reduce a sentence if the defendant provided substantial assistance. Fed. R. Crim. P. 35(b); *United States v. Mora*, 703 F. App'x 836, 843 (11th Cir. 2017) (stating a court may reduce a sentence "only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person" (quotation marks omitted)). The reduction may even occur more than one year after sentencing if the defendant's substantial assistance involved one of three circumstances:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2). The court has discretion to grant or deny motions to reduce sentences. *See United States v. Manella*, 86 F.3d 201, 205 (11th Cir. 1996).

Fedyna has again provided substantial assistance to merit a sentence reduction. Fedyna helped three federal agencies investigate and prosecute another wire fraud conspiracy involving losses over $511 million. He provided information on hundreds of documents related to the conspiracy, testified before the grand jury, and was prepared to testify at trial. And "[t]he government disclosed Fedyna's proffered statements to the Kingston defendants, which contributed to those defendants pleading guilty." (Doc. 237 at 3). And the Court will consider a reduction this late because Fedyna's information did

not become useful until more than one year after the sentencing, as the Kingston defendants were not indicted until 2018. The Court thus finds a two-level reduction to be reasonable based on Fedyna's substantial assistance.

This finding results in a total offense level of 28, a criminal history category of I, and a Sentencing Guidelines' range of 78 to 97 months. Based on this calculation, the Court finds a sentence of 78 months' imprisonment to be sufficient, but not greater than necessary, to comply with the purposes of sentencing. All other parts of Fedyna's sentence remain as originally imposed.

Accordingly, it is now

**ORDERED:**

(1) The Government's Motion for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. 237) is **GRANTED**.

(2) The Clerk of the Court is **DIRECTED** to enter a second amended judgment reducing the sentence imposed to 78 months' imprisonment as to Defendant Robert Fedyna, and otherwise leaving the original sentence intact.

**DONE AND ORDERED** at Fort Myers, Florida on this 26th day of August 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record