UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:15-cr-141-FtM-38MRM

ROBERT FEDYNA

## **ORDER**[1]

Before the Court is the United States' Motion for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b). (Doc. 242). Defendant Robert Fedyna has not responded, and the time to do so has expired. For the reasons stated below, the Court grants the United States' motion.

More than two years ago, the Court sentenced Fedyna to 135 months' imprisonment for wire fraud conspiracy and money laundering. (Doc. 111). Since then, the Court has twice granted the Government's motions to reduce Fedyna's sentence for his substantial assistance. (Doc. 212; Doc. 239). Fedyna is currently serving a sentence of seventy-eight months' imprisonment.

Upon the Government's motion, a district court may reduce a sentence if the defendant has provided substantial assistance. Fed. R. Crim. P. 35(b); *United States v. Mora*, 703 F. App'x 836, 843 (11th Cir. 2017) (stating a court may reduce a sentence "only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person" (quotation marks omitted)). The reduction may even

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

occur more than one year after sentencing if the defendant's substantial assistance involved one of three circumstances:

> (A) Information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b)(2). The court has discretion to grant or deny motions to reduce sentences. See *United States v. Manella*, 86 F.3d 201, 205 (11th Cir. 1996).

After careful consideration of the applicable law and record, the Court finds that Fedyna has again provided substantial assistance to merit a sentence reduction. Fedyna's cooperation contributed to two more defendants being indicted and prosecuted for a $7.2 million tax credit fraud scheme in the United States District Court for Colorado. One defendant pled guilty and a jury convicted the other a few months ago. Fedyna participated in multiple proffer interviews with federal prosecutors and investigators, which were shown contributed to one defendant pleading guilty. He also testified at trial against one defendant, who was convicted. The Court thus finds an additional two-level reduction to be reasonable based on Fedyna's substantial assistance.

This finding leads to a total offense level of 26, a criminal history category of I, and a Sentencing Guidelines Range of 63 to 78 months. Based on this calculation, the Court finds a sentence of 63 months' imprisonment to be sufficient, but not greater than

necessary, to comply with the purposes of sentencing. All other parts of Fedyna's sentence remain as originally imposed.

Accordingly, it is now

**ORDERED:**

1. The United States' Motion for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. 242) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to enter an amended judgment reducing the sentence imposed to **63 months' imprisonment**, and otherwise leaving the original sentence intact.

**DONE AND ORDERED** in Fort Myers, Florida on this 13th day of January 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record